## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED

DEC 1 2 2007

Michael N. Milby, Clerk

| | |
|---|---|
| MOLLY SOSTAND AND RAYMOND SOSTAND, INDIVIDUALLY AND AS THE REPRESENTATIVES OF THE ESTATE OF CHRISTOPHER GEORGE SOSTAND, DECEASED, §§§§§§ | |
| **Plaintiffs** §§ | Civil Action No. 4:07-cv-03858 *Jury Requested* |
| §§ | |
| v. §§ | |
| KANSAS CITY SOUTHERN RAILWAY COMPANY, LEWIS E. CUNNINGHAM RAILPROS, INC. §§§ | |
| **Defendants.** §§§ | |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW, Molly Sostand and Raymond Sostand, Individually and as the Representatives of the Estate of Christopher George Sostand, Deceased, hereinafter called Plaintiffs, complaining of **Kansas City Southern Railway Company,** hereinafter called "KCS", **Lewis E. Cunningham,** hereinafter called "Cunningham" **and RailPros, Inc.,** hereinafter called "RailPros", and for cause of action would respectfully show to the Court the following:

## I.

## PARTIES

1.1    Plaintiff, **Molly Sostand** is the biological mother of Christopher George Sostand and resides at 2145 Corley, Beaumont, Jefferson County, TX 77701.

1.2    Plaintiff, **Raymond Sostand** is the biological father of Chrisotpher George Sostand and resides at 2145 Corley, Beaumont, Jefferson County, TX 77701.

1.3    Plaintiff, **The Estate of Christopher George Sostand, Molly Sostand Raymond Sostand**, are the sole heirs and wrongful death beneficiaries of Christopher George Sostand.

1.4    Defendant, **Kansas City Southern Railway Company,** is a Missouri corporation doing business in the state of Texas and has been served with citation and previously answered herein.

1.5    Defendant, **Lewis E. Cunningham**, is an individual and resides at 213 ½ W. Reed Street, Moberly, MO 65270-1556 and may be served with citation his residence.

1.6    Defendant, **RailPros, Inc.,**is upon information and belief a California corporation and may be served with citation by serving it's registered agent, Eric Hankinson, 2543 Osterman Avenue, Tustin, CA 92782.

## II.

## JURISDICTION/VENUE

2.1    The Court possesses subject matter jurisdiction as there is complete diversity of citizenship and the amount in controversy is in excess of $75,000.00.

## III.

## FACTUAL BACKGROUND

3.1    On December 21, 2005, **Christopher George Sostand**, was employed by Brown's Machine Works and Construction Company as a helper on a railway spiker machine crew.

3.2 Brown's Machine Works and Construction Company was under contract with defendant KCS to repair track owned and operated by defendant KCS at or near mile marker 191, Collin County, in or near Copeville, Texas.

3.3    At all times material hereto Defendant RailPros,  Inc., was under contract with defendant, KCS to provide personnel and other services including flagging services in connection with defendant KCS's rail operations

3.4    Defendant Cunningham was employed by RailPros as a flagger with duties to warn the spiker crews of approaching trains at or near mile maker 191, Collin County, near Copeville, Texas.

3.5    At approximately 1:54 pm on December 21, 2005, the Brown's Machine Works and Construction Company crews sat on their spiker machines situated on the side track immediately adjacent to the main track at or near mile marker 191 awaiting instructions, when a Kansas City Southern Railway Company locomotive appeared without warning on the main track from around a corner traveling at a high rate of speed.

3.6    Upon realizing that a locomotive was approaching, **Christopher George Sostand** attempted to exit his spiker machine and remove himself from harms way.

3.7    It was during this process that **Christopher George Sostand** was struck by the Kansas City Southern Railway Company locomotive and ultimately killed.

## IV.

## NEGLIGENCE OF KANSAS CITY SOUTHERN RAILWAY COMPANY

4.1    The Defendant was negligent in many respects, including but not limited to the following particulars:

    a.    In failing to properly train, instruct and supervise their employees;

    b.    In failing to warn the spiker crews of the train's arrival;

    c.    In failing to follow safety procedures;

    d.    In failing to advise defendant's employees with information as to the whereabouts and location of the spiker crews; and,

    e.    In operating the locomotive at an excessive rate of speed.

Each of the aforementioned negligent acts or omissions of defendant constitutes a proximate cause of the occurrence in question and of the resulting damages and injuries to Plaintiffs.

## V.

## NEGLIGENCE OF LEWIS E. CUNNINGHAM

5.1   The Defendant, **Lewis E. Cunningham**, was negligent in many respects, including but not limited to the following particulars:

 a.   Failing to properly warn the crew of an oncoming train;

 b.   Failing to provide proper flagging services;

 c.   In failing to follow safety procedures;

 d.   Failing to keep a proper look out for oncoming trains;

 e.   In failing to properly train, instruct and supervise their employees; and,

 f.   In failing to warn the spiker crews of the train's arrival.

Each of the aforementioned negligent acts or omissions of **Lewis E. Cunningham** constitute a proximate cause of the occurrence in question and resulting damages to **Christopher George Sostand, Deceased.**

## VI.

## NEGLIGENCE OF RAILPROS, INC.

6.1   The Defendant was negligent in many respects, including but not limited to the following particulars:

 a.   Failing to properly warn the crew of an oncoming train;

 b.   Failing to provide proper flagging services;

 c.   In failing to follow safety procedures;

d.      Failing to keep a proper look out for oncoming trains;

e.      In failing to properly train, instruct and supervise their employees; and,

f.      In failing to warn the spiker crews of the train's arrival.

Each of the aforementioned negligent acts or omissions of defendant constitutes a proximate cause of the occurrence in question and of the resulting damages and injuries to Plaintiffs.

## VII.

## **RESPONDEAT SUPERIOR**

7.1     Plaintiffs further allege that all at times material hereto, defendants KCS and RailPros, acted by and through their employees, agents, and/or servants. Therefore, defendants KCS and RailPros are further liable for the negligent acts and omissions of their employees, agents and/or servants pursuant to the doctrine of Respondeat Superior.

## VIII.

## **DAMAGES**

8.1     Plaintiffs are the sole heirs and biological parents of **Christopher George Sostand, Deceased,** and bring this cause of action pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 71.004 (1985).  Plaintiffs seek damages from Defendants pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 71.004 et seq.

8.2    As a result of the injuries and subsequent death of **Christopher George Sostand, Deceased**, Plaintiffs have sustained the following damages for which they seek recovery:

      a.    mental anguish in the past;

      b.    mental anguish in the future;

      c.    loss of companionship in society in the past;

      d.    loss of companionship in society in the future;

      e.    loss of consortium in the past;

      f.    loss of consortium in the future;

      g.    pecuniary losses in the past;

      h.    pecuniary losses in the future; and

      i.    loss of inheritance.

8.3    **Christopher George Sostand, Deceased**, suffered a horrific death as a result of being struck by defendant's locomotive.  Therefore, Plaintiffs seek recovery from Defendant under Tex. Civ. Prac. & Rem. Code Ann. § 71.021 (1985) for:

      a.    funeral and burial expenses;

      b.    pain and suffering;

      c.    mental anguish of his impending death; and,

      d.    reasonable and necessary expenses.

8.4    Plaintiffs seek prejudgment interest from Defendant, jointly and severally, from six (6) months subsequent to the occurrence in question until date of

judgment at the maximum rate as allowed by law.   Furthermore, Plaintiffs seek

court costs and post-judgment interest at the maximum amounts allowable by law.

## IX.
## JURY DEMAND

9.1     Plaintiffs demand trial by jury and request that this case be placed on the

Court's jury trial docket.

## X.
## PRAYER

**WHEREFORE, PREMSIES CONSIDERED,** Plaintiffs pray that

Defendant be cited to appear and answer herein and that upon final trial hereof,

Plaintiffs recover their damages against the Defendant, jointly and severally, costs

of court, prejudgment interest, post judgment interest from date of judgment until

ultimately paid, and for such other and further relief to which they may be justly

entitled.

Respectfully submitted,

By:_____

**Michael C. Howard**
**FBN: 10365**
**SBN: 10074980**
402 East 11th Street
Houston, Texas 77008
713-868-1919
713-868-1899 FAX
**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served via certified mail, return receipt requested on the 13th day of December 2007, upon the following defendant's counsel:

Paul O. Wickes
Hunton & Williams LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202

**Michael C. Howard**