# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MOLLY SOSTAND, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3858 |
| | § | |
| KANSAS CITY SOUTHERN | § | |
| RAILWAY COMPANY, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Expedited Motion to Extend the Time for Filing a Response to Defendants Railpros, Inc. and Lewis Cunningham's Motion for Summary Judgment [Doc. # 49] ("Plaintiffs' Motion"). Defendants have responded [Doc. # 57]. Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that Plaintiffs' Motion should be **granted**.

Defendants filed a Motion for Summary Judgment [Doc. # 40] ("Defendants' Motion") on May 7, 2009. Plaintiffs' response to Defendants' Motion was due May 27, 2009,[1] but they did not file their response until June 11, 2009 [Doc. # 48].

---

[1] *See* S. DIST, TEX. LOC. R. Rule 7.3; HON. NANCY F. ATLAS, COURT P. 6(A)(4), *available at* <http://www.txs.uscourts.gov/district/judges/nfa/nfa.pdf>.

Plaintiffs after the fact have requested an extension of time to file a response under Federal Rule of Civil Procedure 6(b) and request the Court deem their Response timely filed.

Rule 6(b) governs the Court's discretion to extend the time for filing when a deadline has passed. Rule 6(b)(1) provides that the Court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1). "The determination of 'what sorts of neglect will be considered "excusable" . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Tex. Dep't Hous. and Cmty. Affairs v. Verex Assurance, Inc.*, 158 F.3d 585, 1998 WL 648608, at *2 (5th Cir. Sept. 11, 1998) (unpublished) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). In determining whether there has been excusable neglect, the Court should consider the following non-exclusive factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Pioneer*, 507 U.S. at 395; *see also Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).

Plaintiffs' counsel's explanations for his delay appears candid but weak.[2] However, Plaintiffs prevail on the other Rule 6(b)(1) excusable neglect factors. The Court finds that Defendants will not suffer cognizable prejudice from the Court's permitting the late reply other than that Defendants' Motion will be opposed and that a witness that Plaintiffs sought to, but did not, depose now has submitted an affidavit in support of Plaintiffs' position in the case. The fact that a substantive summary judgment motion is opposed is not unfair prejudice to Defendants. The prejudice to Defendants from Plaintiffs' failure to submit an affidavit without deposing James Mineo, despite their representations they would do so,[3] can be cured. Defendants will be permitted to depose Mineo and the deposition will be at Plaintiff's expense, if Defendants so request. The deposition must be taken within fourteen business days.[4]

---

[2] First, Plaintiffs' counsel acknowledges he did not understand federal court procedures. He states that his practice is "primarily a state court practice and because [D]efendants requested an oral hearing[. Plaintiffs counsel] believed that a hearing date would be forthcoming which would determine when [P]laintiffs' response would be required." Plaintiffs' Motion [Doc. # 49], at 3. Ignorance of court rules or the law is no excuse. Plaintiffs' counsel also states he was "unable to obtain an affidavit [of James Mineo, who lives out of town,] until after [the deadline to respond] had passed." *Id.* Defendants correctly note that if Plaintiffs needed additional time for discovery to respond to Defendants' Motion, they should have filed a motion for a continuance.

[3] Plaintiffs successfully sought an extension of the discovery cut off date for the express purpose of deposing Mineo and then inexplicably did not in fact arrange the deposition.

[4] The Court will extend this deadline if timely requested by Defendants. Failure of Defendants to complete the deposition within the allotted time (as extended, if necessary) will be deemed an acknowledgment that Defendants do not seek the deposition.

(continued...)

Moreover, as to excusable neglect factors, granting Plaintiffs' motion will not cause appreciable delay in disposition of this case. The response was only 15 days late. This case has not been set for trial and the Court has not considered Defendants' Motion.

The Court deems Plaintiffs to be litigating this case in good faith. They have engaged in meaningful discovery, including taking thirteen depositions and preparing and filing various motions. This is not a circumstance where Plaintiffs have sat on their hands during the discovery period and are trying to wholesale rectify earlier gross omissions.

In sum, considering all the relevant circumstances surrounding Plaintiffs' late filing, the Court concludes the interests of justice dictate granting the requested extension. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion [Doc. # 49] is **GRANTED**. Plaintiffs' Response [Doc. # 48] is deemed timely filed. It is further

---

[4](...continued)
The shifting of the deposition expense (to include the cost of the witness's subpoena, the court reporters' fee, the original transcript, and a copy of the transcript) is in the interest of justice. The cost shifting is little more than would have been required of Plaintiffs had they deposed Mineo as originally requested. It is a remedy that makes Defendants whole for Plaintiffs' failure to take the deposition as they represented to the Court was their plan in exchange for an extension of the discovery deadline (*see* Federal Rules of Civil Procedure 11(b)) and for Plaintiffs' counsel's failure to familiarize himself with and follow the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Texas, and this Court's Procedures, as required of all attorneys practicing before the Court.

**ORDERED** that Defendants' Reply, if any, must be filed by **July 6, 2009**, *unless* Defendants elect to depose James Mineo. Defendants must inform the Court on or before **July 6, 2009**, of their intention to take Mineo's deposition and the date of the deposition. If the deposition is to be taken, the Court will set a new briefing schedule. The parties are advised to try to agree on the schedule and submit a proposed agreed order. It is further

**ORDERED** Plaintiffs' counsel, within fourteen (14) business days, must familiarize carefully the Southern District Local Rules and this Court's Procedures. Counsel then must certify by **July 6, 2009**, in writing that he has completed this task.

SIGNED at Houston, Texas, this 22nd day of **June, 2009**.

_____
Nancy F. Atlas
United States District Judge